IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO C. SOTO,

    Plaintiff,                      No. CIV S-09-2604 DAD P

    vs.

ROBERT VATENCIA[1], et al.,        <u>ORDER AND</u>

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        On October 26, 2009, plaintiff submitted two in forma pauperis applications (Docs. No. 7 & 8).[2] The first application (Doc. No. 7) makes the showing required by 28 U.S.C.

/////

---

[1] The attachments to plaintiff's complaint reflect that the correct spelling of this defendant's name is "Valencia" and not "Vatencia" as reflected in the court's docket. The Clerk of the Court will be directed to correct the spelling of the defendant's name.

[2] On October 22, 2009, plaintiff filed a motion requesting an extension of time to file his in forma pauperis application. The motion will be granted nunc pro tunc.

1

1  § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.  The second
2  application will be disregarded as duplicative.

3  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See
4  28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $7.32 will be assessed by this
5  order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate
6  agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to
7  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
8  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
9  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
10 Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
11 full.  See 28 U.S.C. § 1915(b)(2).

12 The court is required to screen complaints brought by prisoners seeking relief
13 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
14 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
16 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
17 U.S.C. § 1915A(b)(1) & (2).

18 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
19 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
20 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
21 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
22 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
23 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
24 Cir. 1989); Franklin, 745 F.2d at 1227.

25 Here, plaintiff has filed a civil rights action naming appellate counsel Robert
26 Valencia, who represented petitioner on his appeal from his criminal conviction in state court,

and the "Superior Court LA" as defendants. Plaintiff alleges that Mr. Valencia provided him ineffective assistance of counsel. There are no allegations in the complaint concerning the defendant Superior Court. Plaintiff seeks the following relief: (1) that counsel "be remove[d] from his job duties," (2) an injunction "in the form of proper criminal case due process inffective [sic] assistance of counsel", (3) medical diagnostic testing and treatment, and (4) three million dollars in monetary damages. (Doc. No. 1 at 4 and 92.)

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Neither named defendant is a proper party in this civil rights action.

The "Superior Court" is not a "person" as required by the statute. In addition, defendant Valencia was not acting under color of state law in representing plaintiff on appeal from his conviction. "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Although defendant Valencia was appointed to represent plaintiff in the appeal of his conviction, the appointment in no way was dependent of state authority. See id. Whether an attorney representing a criminal defendant on appeal is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. Id. See also Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding that although appointed counsel was paid by government funds, his function is to represent his client, not the interests of the state).

Plaintiff cannot cure these defects by filing an amended complaint. Therefore, the court will recommend that this action be dismissed with prejudice for failure to state a cognizable civil rights claim.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 22, 2009 motion for an extension of time to file his in forma pauperis application (Doc. No. 6) is granted nunc pro tunc.

2. Plaintiff's October 26, 2009 application to proceed in forma pauperis (Doc. No. 7) is granted.

3. Plaintiff's October 26, 2009 application to proceed in forma pauperis (Doc. No. 8) is disregarded as duplicative.

4. The Clerk of the Court is directed to correct the court's docket to reflect the correct spelling of the defendant's name as "Valencia," rather than "Vatencia."

5. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
soto2604.56

4